(No. 77-CC-2375- )

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1982.*

MCNEELA & GRIFFIN, LTD. (TERRANCE A. VAISVILAS, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Claimant, Fidelity and Deposit Company of Maryland (Fidelity), pursuant to section 8(b) of the Court of Claims Act (Ill. Rev. Stat. 1975, ch. 37, par. 439.8(b)) and Rule 5D (Lapsed Appropriations) of the Court of Claims of Illinois, seeks to recover from Respondent, (State), the sum of nine thousand three hundred thirty-four and 47/100 dollars ($9,334.47), which represents the cost of certain exterior disconnect switches which were additions to a construction contract between William Adams Engineers, Inc. (Adams) and the Capital Development Board (Board) on public building project No. CDB 768-190-001, for construction of a certain public improvement known as the Davea Center, located in Addison, Illinois. Fidelity is the surety of Adams.

An evidentiary hearing was held on June 4, 1981. Counsel for Claimant has filed its post-trial memorandum. The Assistant Attorney General for Respondent has waived filing of its brief.

The issue presented is whether the Capital Devel-

opment Board authorized the installation of exterior disconnect switches on the roof-top air handling units at the Davea Center, and by its words and conduct, waived the contract requirement of a written change order authorizing the installation of the extra switches.

Evidence introduced by Claimant at the trial of the cause of action did not demonstrate that Claimant was authorized to install the exterior disconnect switches on the roof-top units, and that Respondent did not waive the requirement of a written change order authorizing the installation of the extra switches.

The record reflects that pursuant to the stipulation of facts filed with this Court and marked commissioner's exhibit No. 1, Respondent conceded that the installation of the exterior disconnect switches on the roof-top units was not required pursuant to the terms of the contract between William Adams and the Capital Development Board. Therefore, there is no dispute that the installation of the exterior disconnect switches constituted extra work.

The only defense raised by Respondent to Claimant's cause of action is that Claimant's contractor-agent performed the extra work without prior authorization from the Capital Development Board. Article 5 of the agreement dated May 24, 1973, between William Adams and the Capital Development Board specifies the contract documents that form the entire contract. One of the contract documents is the general conditions. Article 12, paragraphs 12.1.1 and 12.1.2 of the general conditions state, in pertinent part, as follows:

"12.1.1 The Owner without invalidating the Contract may order Changes in the Work within the general scope of the Contract consisting of additions, deletions or other revisions, the Contract Sum and the Contract Time being

adjusted accordingly. All such Changes in the Work shall be authorized by Change Order, and shall be executed under the applicable conditions of the Contract Documents."

"12.1.2 A Change Order is a written order to the Contractor signed by the Owner and the Architect, issued after the execution of the Contract, authorizing a Change in the Work or an adjustment in the Contract Sum of the Contract Time . . . ." (Respondent's exhibit No. 1).

Claimant conceded that no written change order was executed pursuant to the applicable provisions of the contract documents.

Further, testimony was given that even if the exterior disconnect switches were not installed on these units, the Claimant would have complied with the national electrical code. In addition, Respondent's witness testified that the exterior disconnect switch duplicated a similar disconnect switch. Therefore, the installation of the exterior disconnect switch was unnecessary.

Wherefore, it is hereby ordered that petitioner's claim be, and hereby is denied.